UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LEWIS THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-100-PLR-HBG |
| | ) | |
| CARGILL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel for the Plaintiff filed by Attorney Thomas L. Wyatt and the firm of Summers & Wyatt, P.C. Mr. Wyatt represents that he left the private practice of law on June 13, 2014. He states that in preparation for his departure he attempted to transfer representation of the Plaintiff to another attorney at Summers & Wyatt. However, Plaintiff voiced strong disagreement with the proposed new attorney and with Mr. Wyatt on various litigation matters. Accordingly, Summers & Wyatt also move the Court to permit the firm to withdraw. Summers & Wyatt moves the Court to enforce an attorney's lien on any recovery in this case.

No opposition to the Motion to Withdraw has been filed, and the time for opposing the motion has expired, see E.D. Tenn. L.R. 7.1. Accordingly, this matter is ripe for adjudication. The Court has considered the Motion to Withdraw will be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

First, the Court finds that the Motion to Withdraw does not comply with Local Rule 83.4, which states that, unless the client consents to a motion to withdraw in writing, the attorney must certify that he or she provided a copy of the motion to the client at least 14 days prior to the date on which the motion was filed. E.D. Tenn. L.R. 83.4(f)(3). In addition, Local Rule 83.4 requires that the attorney certify that he or she has complied with the requirements of the Rule. E.D. Tenn. L.R. 83.4(f)(5).

In this case, the Court finds Mr. Wyatt has failed to certify that he provided a copy of the motion to the client at least 14 days prior to the date on which the motion was filed, and he has also failed to certify that the Motion to Withdraw complies with Local Rule 83.4. However, Mr. Wyatt has certified that he mailed the Plaintiff a copy of the Motion to Withdraw on June 12, 2014, the date on which the Motion to Withdraw was filed. Almost 30 days have expired since this mailing, and accordingly, the Court finds that the Plaintiff has received adequate notice of counsel's withdrawal. Under the circumstances the Court will waive the requirements of Local Rule 83.4(f)(3) and (f)(5).

Accordingly, the Motion to Withdraw is **GRANTED**, as to the request to withdraw by Mr. Wyatt and Summers & Wyatt. Mr. Wyatt and Summers & Wyatt shall turn over their file to the Plaintiff, and thereafter, they are **RELIEVED** of their duties as counsel in this matter.

As of the entry of this Memorandum and Order, Plaintiff Lewis Thomas is **DEEMED** to be proceeding *pro se*, and he and is hereby **ADMONISHED** that he must stay up to date on the status of this case and comply with the deadlines set by the Court or deadlines agreed to by counsel on his behalf. Further, he, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

The Clerk of Court **SHALL ENTER** the mailing address for the Plaintiff found in the Motion to Withdraw in the docket as Plaintiff's contact information. The Clerk of Court **SHALL MAIL** a copy of this Memorandum and Order along with the Scheduling Order [Doc. 5], the Rule 26(f) Report [Doc. 7], and the Protective Order [Doc. 10], to the Plaintiff.

With regard to the request for an attorney's lien, the Court finds that a Motion to Withdraw is not the appropriate vehicle for requesting such relief, and accordingly, this request is **DENIED WITHOUT PREJUDICE**.

Based upon the foregoing, the Motion to Withdraw **[Doc. 9] GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge