UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

Lewis Thomas,                )
                             )
    *Plaintiff*,              )
                             )
v.                           )   Case No.: 3:14-CV-100-PLR-HBG
                             )
Cargill, Incorporated,       )
                             )
    *Defendant.*              )

### Memorandum and Order

This matter comes before the Court on the defendant's motion to suspend the scheduling order's September 19, 2014 deadlines, set a scheduling conference, and order the plaintiffs new counsel, if any, to attend the scheduling conference. [R. 14]. In support of its motion, the defendant states that the plaintiff's counsel withdrew from the case on July 9, 2014, and the plaintiff has not yet, as far as the defendant is aware, hired new counsel. The plaintiff's expert disclosure deadline and both parties' dispositive motion deadlines are September 19, 2014. The defendant's motion states, "[t]o allow any new attorney of Mr. Thomas to participate in the above deadlines, Cargill respectfully requests the Court suspend these deadlines for ***all the parties*** and require Mr. Thomas to retain new counsel, if any, to represent him by a date certain." [R. 14, p. 2] (emphasis added).

In the magistrate judge's order granting the plaintiff's attorney's motion to withdraw, the Court clearly deemed the plaintiff to be proceeding pro se. The Court then clearly admonished the plaintiff to "stay up to date on the status of this case and comply with the deadlines set by the Court or deadlines agreed to by counsel on his behalf." [R. 11, p. 2]. The Court also made clear that the plaintiff, "like any other party, will be expected to comply with the Federal Rules of

Civil Procedure, the Local Rules, and the Court's Orders." [*Id.*].

The plaintiff has a constitutional right to proceed pro se, and the plaintiff has not indicated he is having difficulty meeting deadlines or understanding his obligation to prosecute his case in conformity with the scheduling order, Federal Rules of Civil Procedure, or the Local Rules. Moreover, the plaintiff has not asked the Court to change any deadlines contained in the scheduling order.[1] Nevertheless, in an abundance of caution, the Court will extend the September 19, 2014 deadlines for both parties by 14 days. The Court will not, however, order the plaintiff to obtain counsel by a date certain, and the Court will not hold a scheduling conference to remedy what appears to be a hypothetical problem.

Accordingly, the defendant's motion, [R. 14], is **DENIED**; however, the September 19, 2014 deadlines in the scheduling order, [R. 5], are extended to **October 3, 2014** for both parties.

**It is so ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The defendant's desire for assurances going forward that the remaining deadlines in the scheduling order will not be subject to change should the plaintiff decide to retain new counsel later in the litigation is ironic considering the defendant is the movant currently requesting suspension of deadlines.