UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Lewis Thomas, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 3:14-CV-100-PLR-HBG |
| ) | |
| Cargill, Incorporated, ) | |
| ) | |
|     *Defendant*. ) | |

**Memorandum Opinion**

This personal injury case comes before the Court on the defendant Cargill Incorporated's motion for summary judgment. [R. 17]. Additionally before the Court is the defendant's motion for sanctions [R. 23], the defendant's motion for an extension of time to file a witness list [R. 29], and the defendant's motion to strike [R. 31]. For the reasons that follow, the defendant's motion for summary judgment and motion to strike will be granted; the defendant's motions for sanctions and an extension of time will be denied as moot.

**Background**

The plaintiff is a truck driver who claims to have been injured when he stepped into a hole when he was at Cargill's facility on February 15, 2013, to pick up a load of freight. After his truck was loaded in a warehouse at the facility, he drove into a grassy area outside the warehouse to tie down and tarp his load. Cargill had a paved parking lot for drivers to use to secure their loads that was accessible to the plaintiff, and the plaintiff observed other truck drivers using the parking lot for that very purpose. Nevertheless, the plaintiff parked in the grass to secure his load.

While in the grassy area, the plaintiff alleges he stepped into a hole and fell, injuring his knee. The plaintiff's doctor, however, concluded that the injury to the plaintiff's knee was not the result of the injury the plaintiff claims to have sustained at Cargill's facility. The plaintiff's doctor also concluded that the plaintiff had a zero percent impairment rating for his knee.

The plaintiff has admitted that the hole was obvious and visible and that he did not inspect the grassy area prior to attempting to secure his load. The plaintiff is not aware of any other individuals who were injured by the hole in the grassy area at Cargill's facility. The plaintiff is also not aware of how long the alleged hole was present or if any of Cargill's agents or employees were aware of the hole's existence. Finally, the plaintiff does not know or have any information relating to who created the hole.

The plaintiff filed his complaint on January 27, 2014 in the Circuit Court of Loudon County, Tennessee. On March 13, 2014, Cargill removed the action to this Court. After exchanging initial disclosures, the plaintiff's attorney, Thomas L. Wyatt, moved to withdraw. The Court granted Mr. Wyatt's motion on July 9, 2014 and admonished the plaintiff, who chose to proceed *pro se*, to "stay up to date on the status of this case and comply with the deadlines set by the Court or deadlines agreed to by counsel on his behalf." [R. 11, p. 2]. The Court further admonished the plaintiff that he "will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders." [*Id.*]

On August 19, 2014, Cargill propounded its First Requests for Admissions, Requests for Production of Documents, and Interrogatories upon the plaintiff. The plaintiff did not respond to any of these discovery requests by their due date of September 22, 2014. The parties held a telephonic conference with the Magistrate Judge on October 2, 2014 during which the plaintiff acknowledged receiving the discovery requests and refusing to respond to them. At that point,

2

the Requests for Admissions were deemed admitted under Fed. R. Civ. P. 36(a)(3), however, Cargill requested that the Magistrate require the plaintiff to respond to the Interrogatories and Requests for Production of Documents. The Magistrate ordered the plaintiff to provide those responses within the next two weeks. [R. 16]. Cargill never received responses to the discovery requests.

On October 3, 2014, Cargill filed its motion for summary judgment. [R. 17]. When the plaintiff did not respond to the motion for summary judgment, and had still not complied with the Court's order to respond to Cargill's discovery requests, Cargill moved to dismiss the plaintiff's claims under Rule 37(b) of the Federal Rules of Civil Procedure. [R. 23]. The plaintiff did not respond to that motion either.

On December 9, 2014, the Court entered a Show Cause order, commanding the plaintiff to show cause in writing on or before December 23, 2014, why the defendant's motion for summary judgment should not be granted and the plaintiff's complaint dismissed. [R. 25]. On December 24, 2014, the plaintiff filed a response in opposition to Cargill's motion for summary judgment as well as a "Complaint against Cargill, Inc. for Obstruction and Violations of Federal Rules of Civil Procedures and and [*sic*] Attorney-Client Previlage [*sic*]." [R. 26, 27]. Cargill subsequently moved to strike the new complaint as untimely. [R. 31].

## **Standard of Review**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

3

All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002). Courts may not resolve genuine disputes of fact in favor of the movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id*. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id*. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

4

**Discussion**

**A. Motion to Strike**

As an initial matter, the plaintiff's second complaint, filed on December 24, 2014, will be stricken. Under Federal Rule of Civil Procedure 15(a), the plaintiff is not entitled to amend his complaint as a matter of right, but must obtain leave of Court or the written consent of the defendant. The plaintiff neither obtained Cargill's consent, nor leave of the Court. At this point, any motion for leave to amend would be untimely. Section 6 of the Scheduling Order entered in this case clearly provides that any amendments to the pleadings must be submitted at least 150 days before trial. [R. 5, p. 6]. Pursuant to this Court's order, the deadline for amending the pleadings was extended once to October 3, 2014. [R. 15, p.2]. The plaintiff's second complaint was therefore untimely, and it will be stricken.

**B. Summary Judgment**

Under Tennessee law, to prevail on a negligence claim, the plaintiff must establish: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause." *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998). Whether a defendant owes a duty of care to the plaintiff "hinges on the foreseeability of harm to someone in the plaintiff's position." *Wilson v. Gables Tenn. Props., LLC*, 168 S.W.3d 154, 156 (Tenn. Ct. App. 2004).

In this case, the plaintiff's injury was not foreseeable because Cargill maintains a paved parking area that is used by truck drivers to secure their loads rather than the grassy area that the plaintiff has admitted is not a suitable or appropriate area for securing a load. Additionally, the "obvious and visible" nature of the hole supports a finding that the injury was not foreseeable.

5

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Coln*, 966 S.W.2d at 41 (quoting Restatement (Second) of Torts, § 343A).

Cargill contends it could not reasonably anticipate that the plaintiff would elect to park in the grass to secure his load instead of using the paved parking lot they provided, and therefore Cargill should not be expected to anticipate the harm alleged. In his response, the plaintiff claims he has witnesses that will testify that they too have parked in the grassy area at Cargill's facility to secure their loads and that Cargill had instructed them to do so. The plaintiff also contends that one of Cargill's employees instructed him to park in the grass on the day he was injured. These allegations, however, are insufficient to create a genuine dispute of fact. Under Federal Rule of Civil Procedure 56(c), a party asserting that a fact is genuinely disputed must support the assertion by citing to particular parts of the record. The plaintiff has not cited anything in the record to support these assertions.

Because Cargill provided a paved parking area for securing loads that was accessible to the plaintiff on the day in question, and because the hole was open and obvious, the plaintiff cannot establish that Cargill owed him a duty of care. Accordingly this element of the plaintiff's negligence claim is lacking, and Cargill's motion for summary judgment will be granted. In light of the Court's resolution of Cargill's motion for summary judgment, the motion for sanctions and motion for an extension of time to file a final witness list will be denied as moot.

## Conclusion

For the foregoing reasons, Cargill's motion for summary judgment [R. 17] is **Granted**; the plaintiff's complaint is **Dismissed**. Cargill's motion to strike [R. 31] is **Granted.** Cargill's motion for sanctions [R. 23] and motion for an extension of time to file a final witness list [R. 29] are **Denied as Moot**.

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**